**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES L. KNIGHT, JR.,** | ) | **CASE NO.  4:08CV2545** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **J.I.T. PACKAGING, INC.,** | ) | **ORDER TO REMAND** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

This instant matter is before the Court upon Plaintiff Charles L. Knight, Jr.'s ("Knight") Motion to Remand Case to State Court.  (Dkt. # 8.)  Knight asserts that remand is proper because: (1) Defendant J.I.T. Packaging, Inc. ("JIT") has not timely filed its Notice of Removal (Dkt. # 1); and (2) the Court lacks subject matter jurisdiction over the matter.  For the following reasons, Knight's Motion to Remand (Dkt. # 8) is GRANTED.

**I. PROCEDURAL HISTORY**

On August 28, 2008, Knight filed this action against JIT in the Court of Common Pleas, Trumbull County, Ohio.  (Dkt. # 1, Ex. 1.)  On September 22, 2008, the Complaint and Summons were issued to JIT via certified mail.  (Dkt. # 1, Ex. 1.)  On September 24, 2008, JIT received the Summons and Complaint via certified mail.  (Dkt. # 1, Ex. 1.)  On October 27, 2008, JIT filed a Notice of Removal (Dkt. # 1) with this Court, alleging that Knight's Complaint is based on violations of the Family Medical Leave Act ("FMLA"),

1

29 U.S.C. 2601, *et seq.* (2006).  JIT filed its Notice of Removal with this Court exactly thirty-three days after JIT received the Summons and Complaint via certified mail.

On October 28, 2008, the Court issued an Order to show cause why the case should either (1) remain in federal court or (2) be remanded back to state court.  (Dkt. # 4.)  On October 30, 2008, JIT filed an Answer to Knight's Complaint in this Court.  (Dkt. # 5.)  On October 31, 2008, JIT filed a Response to the Court's show cause Order, in which JIT argues that its Notice of Removal was timely filed and, therefore, this case should remain in federal court.  (Dkt. # 6.)  On November 5, 2008, Knight filed a Motion to Remand Case to State Court, in which he argues that remand is proper because (1) JIT failed to timely file its Notice of Removal, and (2) the Court does not have subject matter jurisdiction over the matter as Knight has not raised a federal question and there is no diversity of citizenship between the parties.  (Dkt. # 8.)

On November 19, 2008, JIT filed a Response to Knight's Motion to Remand, in which (1) JIT continues to assert that it timely filed its Notice of Removal, but (2) admits that, if Knight intends to rely exclusively on a state-law promissory estoppel claim, then this Court lacks subject matter jurisdiction over the matter.

**II. LAW AND ANALYSIS**

Knight asserts that remand is proper because (1) JIT failed to timely file its Notice of Removal, and (2) the Court does not have subject matter jurisdiction over the matter. For the reasons that follow, the Court determines that remand is proper because the Court lacks subject matter jurisdiction over the matter.  As a result, the alleged procedural defect—failure to timely file notice of removal—is rendered moot.

2

**A. Failure to Timely File Notice of Removal**

First, Knight asserts that JIT failed to timely file its Notice of Removal. 28 U.S.C. § 1446 governs the procedure for filing a notice of removal. Section 1446 states,

> The notice of removal of a civil action or proceeding shall be filed *within thirty days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b) (emphasis added). Knight claims that JIT failed to comply with the procedural requirements of section 1446(b) because JIT did not file its Notice of Removal in this Court until Monday, October 27, 2008—*thirty-three days after* JIT received a copy of the Complaint. In other words, the thirty-day window in which JIT was permitted to file its Notice of Removal allegedly began on September 24, 2008, when JIT received the Complaint, and expired thirty days later on Friday, October 24, 2008.

JIT claims, however, that its Notice of Removal was timely filed. In doing so, JIT relies upon the application of federal rule of civil procedure 6(d) to the removal procedure.[1] Rule 6(d) states, "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C) [i.e., mailed to the person's last known address—in which event service is complete upon mailing] . . . 3 days are added after the period would otherwise expire under Rule 6(a)."

---

[1] Federal Rule of Civil Procedure 6(d) was formerly Rule 6(e).

3

Should rule 6(d) apply to the removal procedure, as JIT contends, then the thirty-day window in which JIT was entitled to file its Notice of Removal would be extended by three days in order to account for mail time. Thus, JIT argues,

> Here, Plaintiff's complaint was mailed via certified mail to Defendant on September 22, 2008. (Ex. 1.) Pursuant to Ohio Civ. R. 5 and Fed. R. Civ. P. 5, service was thus effective on September 22, 2008. Since service was made by mail, Defendant had 33 days (30 days under § 1446(b) plus 3 days for mail service) from the date of service (September 22, 2008) to file its notice of removal - or until October 25, 2008. Because October 25, 2008 was a Saturday, pursuant to Fed. R. Civ. P. 6(a)(3), Defendant had until the following Monday, October 27, 2008, to file its notice of removal, which is when the notice of removal was filed.

(Dkt. 6, at 2.)

Therefore, the crux of the issue necessarily turns upon whether Federal Rule of Civil Procedure 6(d) applies to the removal procedure. Although the courts that have considered the issue are divided, the majority have determined that Rule 6(d) does not extend the thirty-day removal period of section 1446(b). *See, e.g.*, *Hammond v. Aetna Health, Inc.*, No. 6:07-cv-139-Orl-28DAB, 2007 WL 853751, *3 (M.D. Fla. Mar. 19, 2007) ("The Courts who [sic] have considered the issue have concluded that Rule 6(e) does not extend the statutory 30-day period for filing a notice of removal."); *Daniel v. United Wis. Life Ins. Co.*, 84 F. Supp. 2d 1353, 1356 (N.D. Ala. 2000) ("[T]he great majority of courts to consider the issue have concluded that Rule 6(d) does not extend the statutory 30-day period for filing a notice of removal."); *Mitchell v. Kentucky-American Water Co.*, 178 F.R.D. 140, 142 (E.D. Ky. 1997) ("On this issue of first impression, this Court finds that Fed. R. Civ. P. 6(e) may not be applied to extend the thirty-day deadline

4

set by the removal statute, 28 U.S.C. § 1446(b)."); *Connors v. City of Philadelphia*, No. CIV. A. 94-2145, 1994 WL 198659, at *1 (E.D. Pa. May 20, 1994) ("[T]he thirty-day period for removal did not begin to run until after Defendants received the Complaint in the mail. There is no logical reason to add three days to the allotted period."); *L & O P'ship NO. 2 v. Aetna Cas. and Sur. Co.*, 761 F. Supp. 549, 550 (N.D. Ill. 1991) ("Rule 6(e)'s three-day extension, however, does not apply to the computation of time in this context. Rather, the thirty-day period begins to run when the initial pleading is actually received by the defendant.") (citation omitted); *Skidway Assoc., Ltd. v. Glens Falls Ins. Co.,* 738 F. Supp. 980, 981 (D. S.C. 1990) ("[Rule 6(e)] does not apply to extend the statutory period for filing a petition for removal.").

Of course, some of the courts that have considered the issue have concluded that Rule 6(d) does extend the thirty-day removal period of 1446(b). *See e.g.*, *Moran v. Guardian Auto. Prods., Inc.*, No. 3:05 CV 7184, 2005 WL 1308879 (N.D. Ohio June 1, 2005) (Applying Rule 6(e) to extend, by three days, the thirty-day removal procedure of section 1446(b)); *Hardy v. Square D Co.*, 199 F. Supp. 2d 676 (N.D. Ohio 2002) (Determining that, when service is effectuated through the mail, Rule 6(e) extends, by three days, the thirty-day period during which a defendant may file a notice of removal in federal court); *Grossman v. ABC Appliance, Inc.*, No. 98-75211, 1999 U.S. Dist. LEXIS 2786, at *5 (E.D. Mich. Feb. 9, 1999) ("[T]he thirty[-]day period outlined in section 1446(b) is extended by three days where service was accomplished through the mail. Fed. R. Civ. P. 6(e)."); *Orr v. Trina, Inc.*, No. C 93-4213 SC, 1994 WL 28028, at *1

(N.D. Cal. Jan. 21, 1994) ("The [thirty-day] limitation period [of Rule 1446(b)] also must include three days pursuant to F.R.C.P. Rule 6(e) for a total of 33 days.").

As Plaintiff notes, Judge Katz in this Northern District of Ohio has twice joined the ranks of those judges who have determined that Rule 6(d) extends, by three days, the thirty-day removal period of section 1446(b).  *See Moran*, 2005 WL 1308879; *Hardy*, 199 F. Supp. 2d 676.  However, the Sixth Circuit has not provided guidance on the issue.

In any event, the Court need not resolve the issue of Rule 6(d)'s applicability in this context because, for the reasons that follow, the Court lacks subject matter jurisdiction over this case.  Therefore, the alleged procedural defect—failure to timely file notice of removal—is rendered moot.

### B. Lack of Subject Matter Jurisdiction

Second, Knight asserts that the Court does not have subject matter jurisdiction to hear this matter. The federal courts are courts of limited jurisdiction.  For a federal court to have jurisdiction over a case, "[t]he Constitution must have given to the court the capacity to take it, and an act of Congress must have supplied it."  *Finley v. United States*, 490 U.S. 545, 548 (2003) (quoting *Mayor v. Cooper*, 73 U.S. 247, 252 (1868)).  "Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties." *EBI-Detroit, Inc. v. City of Detroit*, 279 Fed. Appx. 340 (6th Cir. 2008).  Moreover, a defendant may only remove a state-court action to federal court if the federal court could have exercised subject matter jurisdiction—federal question or

6

diversity—over the matter had the plaintiff originally filed the complaint in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In the absence of diversity jurisdiction, federal question jurisdiction must exist to permit a federal court to exercise power over a removed state-court action. Under the "well-pleaded complaint rule," federal question jurisdiction exists only when a federal question appears on the face of a complaint. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936). Thus, a plaintiff may avoid federal court—i.e., eliminate a defendant's ability to remove the state-court action—by relying exclusively on state law.

In the instant matter, Knight correctly asserts that there is no subject matter jurisdiction based on diversity of citizenship because both parties are citizens of the state of Ohio. Knight also asserts that there is no federal question jurisdiction because Knight has made no claims involving a federal question. Knight insists that the cause of action is based on a state-law promissory estoppel claim. JIT initially assumed that Knight's cause of action is based on a violation of the FMLA because the FMLA appears on the face of the Complaint, and because "[p]laintiff's complaint . . . request[s] a jury trial and other legal damages available under the FMLA, but not necessarily under promissory estoppel . . . ." (Dkt. # 9, at 2.) But upon closer examination, Knight's cause of action is, in fact, based solely upon a state-law promissory estoppel claim. Specifically, Knight relied upon representations made in an employee handbook:

> If you have worked for J.I.T. a minimum of one year, and have worked 1,250 hours or more during the 12 months prior to requesting leave, you are eligible for Family and Medical Leave under the Federal Medical Leave Act (FMLA). If you are eligible, you will be allowed up to 12 weeks of unpaid

7

> leave within a rolling 12 month period . . . to care for your own serious health condition. Employees granted leave will be returned to the same position held prior to the leave, or one that is equivalent in pay, benefits, and other terms and conditions of employment.

(Compl. ¶¶ 4–6.) Although the employee handbook mentions the FMLA, Knight, for whatever reason, has chosen to rely exclusively on state law. Thus, this court lacks subject matter jurisdiction over the matter.[2]

## III. CONCLUSION

For the foregoing reasons, Knight's Motion to Remand (Dkt. # 8) is hereby GRANTED on the basis that the Court lacks subject matter jurisdiction over the matter. The alleged procedural defect is rendered moot.

**IT IS SO ORDERED**.

/s/ Peter C. Economus – November 24, 2008
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

---

[2] JIT, in its Response to Knight's Motion to Remand, concedes that, "if a state law claim is all [Knight] intends to pursue," then the Court lacks subject matter jurisdiction over the matter. Moreover, insofar as Knight intends to rely exclusively on state law, "JIT withdraws its [N]otice of [R]emoval and requests that the case be returned to the Trumbull County Court of Common Pleas." (Dkt. # 9, at 3.)